**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**CASE NO.**

CASSANDRA MURRAY,
individually and
on behalf of all others similarly situated,

Plaintiff,

**CLASS ACTION**

**JURY TRIAL DEMANDED**

v.

FLEET FINANCIAL INC.,

Defendant.
______________________________________/

## CLASS ACTION COMPLAINT

Plaintiff Cassandra Murray brings this class action against Defendant Fleet Financial Inc. and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. In violation of the TCPA, Defendant engages in unsolicited robocalling to promote its products and services.

3. Through this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. *See Drazen*, 29 Fla. L. Weekly Fed. C2763 at 4.

## PARTIES

4. Plaintiff is a natural person.

5. Defendant is, and at all times relevant hereto was, a Colorado corporation with its principal place of business in Engelwood, Colorado.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331.

7. Defendant is subject to personal jurisdiction in Colorado because this suit arises out of and relates to Defendant's contacts with this state. Defendant initiated and directed telemarketing and/or advertising robocalls from Colorado.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

9. Defendant engages in intrusive telemarketing to increase its revenue and gain an edge on its competitors.

10. Defendant harassed Plaintiff and members of the Class with prerecorded robocalls, the purpose of which was to promote and advertise the commercial availability of Defendant's goods and services.

11. Specifically, on or about December 8, 2024, December 9, 2024, December 10, 2024, December 11, 2024, December 12, 2024, December 13, 2024, December 15, 2024, Defendant sent the following unsolicited and unconsented to prerecorded voice calls to Plaintiff's cellular telephone number:


+1 (303) 970-9619
Unknown - Dec 8, 2024 at 1:14 PM
00:00
-00:25
Add Contact
Transcript (low confidence)
We We received your auto refinance application. It looks like we should be able to assist getting into a. Loan You can contact me back at 3:03 397 310 Three 303397 3106


+1 (303) 970-9656
Unknown - Dec 11, 2024 at 9:59 AM
00:00
-00:25
Add Contact
Transcript
Hi, this is Harrison high lending. We received your auto refinance application. It looks like we should be able to assist. Too much better loan You can contact me back at 303397 310 Three 303397 3106


+1 (303) 970-9652
Unknown - Dec 12, 2024 at 11:12 AM
00:00
-00:25
Add Contact
Transcript (low confidence)
Hi, this is Harrison high lending. We received your auto refinance application. Like we should be able to Much better loan You can contact me back at 3:03 397 31 Three Nine 97 3106


+1 (303) 970-9660
Unknown - Dec 9, 2024 at 4:23 PM
00:00
-00:24
Add Contact
Transcript (low confidence)
Your procedure Your procedure auto refinance application. It looks like we should be able to assist. Much better loan You can contact me back at 3:03 397310 Six Three Nine 97 3106










12. Upon listening to the message, Plaintiff was easily able to determine that it was prerecorded and not a live person speaking.

13. The purpose of Defendant's call was to solicit the sale of consumer goods and/or services.

14. Plaintiff is the regular user of the cellular telephone number (ending in 3760) that received the above telephonic prerecorded sales calls.

15. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all robocalls sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

16. At all times relevant herein, Plaintiff's telephone number was on the National Do Not Call Registry and has been registered since March 21, 2024.

17. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded sales or marketing calls to Plaintiff's cellular telephone number.

18. Defendant's telephonic sales calls caused Plaintiff and the Class members harm, including liquidated actual damages, inconvenience, invasion of privacy, intrusion upon seclusion, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

19. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Federal Rule of Civil Procedure 23. The Classes that Plaintiff seeks to represent are defined as:

> **TCPA Robocall Class: All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received one or more prerecorded voice calls regarding Defendant's property, goods, and/or services on their cellular telephone line.**

> **DNC Class: All persons in the United States who, within the four years prior to the filing of this action through the date of class certification, (1) were sent more than one prerecorded voice message within any 12-month period; (2) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (3) regarding Defendant's goods, products, and related services; (4) to said person's residential cellular telephone number.**

20. Defendant and its employees or agents are excluded from the Class.

## NUMEROSITY

21. Upon information and belief, Defendant has placed prerecorded telephonic sales calls to telephone numbers belonging to at least 50 persons. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

23. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated prerecorded calls to Plaintiff and the Class members;

(b) Whether Defendant can meet its burden of showing that it had consent to make such calls;

(c) Whether Defendant is liable for damages, and the amount of such damages;

(d) Whether Defendant violated the TCPA;

24. The common questions in this case are capable of having common answers. Plaintiff and the Class members have identical claims capable of being efficiently adjudicated and

administered in this case.

**TYPICALITY**

25. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

26. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

27. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

28. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I

## VIOLATION OF 47 U.S.C. § 227 AND 47 C.F.R. § 64.1200

(On Behalf of Plaintiff and the TCPA Robocall Class)

29. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

31. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

32. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

33. Defendant used prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and other members of the Class.

34. Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

35. Defendant did not have prior express written consent to call the telephones of

Plaintiff and the other members of the putative Class when its calls were made.

36. Defendant has, therefore, violated § (b)(1)(A)(iii) and § 64.1200(a)(1)(iii) and (a)(2) by using prerecorded messages to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the putative Class.

37. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

**COUNT II**

**Violations of 47 U.S.C. § 227(c) and 64.1200(c)**

**(On Behalf of Plaintiff and the DNC Class)**

38. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40. Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

41. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

42. Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one prerecorded voice message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

44. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the DNC Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) An award of liquidated actual damages of $500 per call for Plaintiff and each member of the Classes as applicable under the TCPA;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express

written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demand a trial by jury.

DATED: March 11, 2026

Respectfully submitted,

**HIRALDO P.A.**

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.* Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301 Email: mhiraldo@hiraldolaw.com Telephone: 954.400.4713
***Lead Counsel for Plaintiff***

**EISENBAND LAW, P.A.**
*/s/ Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 1300
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.732.2792
*Attorneys for Plaintiff*